IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN C. W.,[1] <br><br> **Plaintiff,** <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER of SOCIAL SECURITY, <br><br> **Defendant.** | Case No. 22-CV-00979-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

In accordance with 42 U.S.C. § 405(g), Plaintiff, represented by counsel, seeks judicial review of the final agency decision denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 423.[2]

## PROCEDURAL HISTORY

Plaintiff applied for DIB and SSI on January 16, 2018, alleging disability beginning on January 1, 2017. (Tr. 508, 515). The claim was initially denied on May 1, 2018, and upon reconsideration on August 2, 2018. (Tr. 233, 269). After a hearing on June 22, 2021 (Tr. 103-42), the Administrative Law Judge ("ALJ") denied the

---

[1] Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. *See* Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.
[2] The statutes and regulations pertaining to DIB are found at 42 U.S.C. § 423 et seq., and 20 C.F.R. pt. 404. The statutes and regulations pertaining to SSI are found at 42 U.S.C. §§ 1382 and 1382c, et seq., and 20 C.F.R. pt. 416. As is relevant to this case, the DIB and SSI statutes and regulations are identical. Furthermore, 20 C.F.R. § 416.925 detailing medical considerations relevant to an SSI claim, relies on 20 C.F.R. Pt. 404, Subpt. P, the DIB regulations. Most citations herein are to the DIB regulations out of convenience.

application on August 16, 2021. (Tr. 78-102). Plaintiff also amended the alleged onset date of disability to October 26, 2017, at the hearing. (Tr. 81). On March 8, 2022, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final agency decision. (Tr. 1-6). Administrative remedies have been exhausted and a timely complaint was filed in this Court.

## ISSUES RAISED BY PLAINTIFF

Plaintiff raises the following points:

1.     Whether the ALJ properly adhered to the requirements of SSR 16-3p.

## APPLICABLE LEGAL STANDARDS

To qualify for disability benefits, a claimant must be disabled within the meaning of the applicable statutes. Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a).

A "physical or mental impairment" is an impairment resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical or laboratory diagnostic techniques. 32 U.S.C. § 423(d)(3). "Substantial gainful activity" is work activity that involves doing significant physical or mental activities, and that is done for pay or profit. 20 C.F.R. § 404.1572.

Social Security regulations set forth a sequential five-step inquiry to determine

whether a claimant is disabled. The Seventh Circuit Court of Appeals has explained this process as follows:

> The first step considers whether the applicant is engaging in substantial gainful activity. The second step evaluates whether an alleged physical or mental impairment is severe, medically determinable, and meets a durational requirement. The third step compares the impairment to a list of impairments that are considered conclusively disabling. If the impairment meets or equals one of the listed impairments, then the applicant is considered disabled; if the impairment does not meet or equal a listed impairment, then the evaluation continues. The fourth step assesses an applicant's residual functional capacity (RFC) and ability to engage in past relevant work. If an applicant can engage in past relevant work, he is not disabled. The fifth step assesses the applicant's RFC, as well as his age, education, and work experience to determine whether the applicant can engage in other work. If the applicant can engage in other work, he is not disabled.

*Weatherbee v. Astrue*, 649 F.3d 565, 568-69 (7th Cir. 2011).

Stated differently, it must be determined: (1) whether the claimant is presently unemployed; (2) whether the claimant has an impairment or combination of impairments that is serious; (3) whether the impairment(s) meet or medically equal one of the listed impairments acknowledged to be conclusively disabling; (4) whether the claimant can perform past relevant work; and (5) whether the claimant is capable of performing any work within the economy, given his or her age, education, and work experience 20 C.F.R. § 404.1520; *Simila v. Astrue*, 573 F.3d 503, 512-13 (7th Cir. 2009).

An affirmative answer at either step 3 or step 5 leads to a finding that the plaintiff is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). Other than at step 3, a negative answer at any step precludes a finding of disability. The plaintiff bears the burden of proof at steps 1 to 4. *Id*. Once the plaintiff shows an inability to

perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id*.

The Court reviews the Commissioner's decision to ensure that the decision is supported by substantial evidence and that no mistakes of law were made. It is important to recognize that the scope of review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Thus, this Court must determine not whether plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *Lopez ex. rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). This Court uses the Supreme Court's definition of substantial evidence, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Murphy v. Colvin*, 759 F.3d 811, 815 (7th Cir. 2014). However, while judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner. *See Parker v. Astrue*, 597 F.3d 920, 921 (7th. Cir. 2010), and cases cited therein.

### THE DECISION OF THE ALJ

The ALJ followed the five-step analytical framework described above. She found that the claimant had not engaged in substantial gainful activity since October 26, 2017. (Tr. 84). The ALJ found that Plaintiff had severe impairments of degenerative disc disease of the lumbar spine, avascular necrosis of the bilateral hips and right knee, osteoarthritis of the left knee, diabetes mellitus, and obesity. (*Id.*). The ALJ noted that Plaintiff had hypertension, hyperlipidemia, asthma, right shoulder arthrosis, and cervical spondylosis as well as medically determinable mental impairments of depression all of which the ALJ considered non-severe impairments. (Tr. 84-85). The ALJ considered all the Plaintiff's medically determinable impairments, including those that are not severe, when she assessed Plaintiff's RFC. (Tr. 87-91).

The ALJ did not doubt the existence of the problems Plaintiff described. However, the ALJ's primary concern was with the severity of those problems. (Tr. 88). The ALJ reasoned that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that his "statements concerning the intensity, persistence and limiting effects" of his symptoms "were not entirely consistent with the medical evidence and other evidence in the record. . . ." (*Id.*). The ALJ concluded that Plaintiff had the RFC to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). (Tr. 87). The ALJ found the following exceptions to Plaintiff's ability to perform sedentary work;

> [He] can occasionally lift up to ten pounds and can lift and carry no more than five to eight pounds frequently. He can perform occasional pushing

>and pulling with the bilateral lower extremities. He can perform work with no climbing on ladders, ropes, or scaffolds or kneeling and no more than occasional climbing on ramps or stairs, stooping, crouching, or crawling. He can frequently balance as defined in the Dictionary of Occupational Titles (DOT) and Selected Characteristics of Occupations (SCO). The claimant should avoid concentrated exposure to extreme cold, vibration, and to work hazards such as unprotected heights and being around dangerous moving machinery.

(Tr. 87). In making this determination the ALJ relied on objective medical examinations as well as Plaintiff's testimony and noted that "the claimant clearly has musculoskeletal impairments affecting his lower back, hips, and lower extremities." (Tr. 89).

The ALJ found that Plaintiff is unable to perform his past relevant work as a line cook/prep cook (DOT #317.687-010), cook supervisor (DOT #313.131-018), dining room supervisor (DOT #310.137-010), special delivery carrier (DOT #230.367-010). (Tr. 91). Each of Plaintiff's past relevant work positions were either categorized in the DOT or were performed by the Plaintiff at the medium exertional level with Special Vocational Preparation levels between 2 and 6. (*Id.*). As required by SSR 82-62, this work was substantial gainful activity, was performed long enough to achieve average performance, and was performed within the relevant time period. (Tr. 91-92).

The ALJ then determined that Plaintiff is able to perform other jobs that exist in significant numbers in the national economy given Plaintiff's age, education, work experience, and RFC. (Tr. 92). The ALJ relied on the testimony of a vocational expert ("VE") in making her determination. Based on the testimony of the VE the ALJ determined that Plaintiff was able to perform the requirements of sedentary jobs such

as: (1) Order Clerk (DOT #209.567-0147), (2) Document preparer (DOT #249.587-018), and (3) Charge account clerk (DOT #205.367-014). (Tr. 92-93). The ALJ thus concluded that a finding of "not disabled" was appropriate. (Tr. 93). Therefore, Plaintiff did not qualify for benefits.

## THE EVIDENTIARY RECORD

The Court has reviewed and considered the entire evidentiary record in formulating this Memorandum and Order. The Court finds that the ALJ's summary of the record in her decision, when compared with the point raised by Plaintiff, is sufficiently comprehensive and, therefore, there is no need to summarize it again here.

## ANALYSIS

Plaintiff alleged the ALJ erred by failing to support her analysis with substantial evidence. (Plaintiff's br. 11-12). Specifically, Plaintiff asserted that "[t]he ALJ violated SSR 16-3p by mischaracterizing the record and relying on a narrow interpretation of the record to dismiss [Plaintiff's] pain symptoms causing a limitation in the ability to sit longer than 20 to 25 minutes." (*Id.* at 12). The ALJ found the medical opinion of Dr. Eric Schmitter partially persuasive on this issue, noting that Dr. Schmitter opined that Plaintiff "could perform light exertion lifting, sit for four hours at a time up to six hours per workday." (Tr. 91).[3] The ALJ then noted that "[l]ight work is inconsistent with the findings of the state agency

---

[3] The ALJ also noted previous medical findings by Dr. Gonzalez and Dr. Reddy. (Tr. 90-91). Each assessment was consistent with Dr. Schmitter's assessment of Plaintiff's ability to stand. (Tr. 214, 228, 247, 264).

consultants and the claimant's diagnostic imaging findings and clinical finds including restricted range of motion." (Tr. 91). Accordingly, the ALJ restricted Plaintiff to sedentary work. (*Id*.). Plaintiff argued that the ALJ erred in this determination by relying "exclusively on a lack of objective medical evidence to dismiss the intensity and persistence of [Plaintiff's] pain." (Plaintiff's br. 5-14).

An ALJ must consider all credible evidence; however, an ALJ is not required to fully accept a plaintiff's perception of their own disability. *See Cass v. Shalala*, 8 F.3d 552, 555 (7th Cir. 1993). While an ALJ who denies benefits must build an "accurate and logical bridge from the evidence to her conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). This Court does not reweigh evidence that has been considered by the ALJ. *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). "It is only when the ALJ's determination lack any explanation or support that we will declare it to be 'patently wrong' and deserving reversal." *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008) (citation omitted). The ALJ in this case considered all credible evidence including but not limited to; Plaintiff's statements, the conservative nature of Plaintiff's treatment, his orthopedic examination in 2018 showing a full range of motion, his examination by Dr. Anderson in October 2019 showing that Plaintiff had little difficulty rising from a seated position and a slow and steady gate, Dr. Schmitter, Dr. Gonzalez, and Dr. Gerry's assessments of the Plaintiff, and a multitude of other medical records. (Tr. 88-89). Further, the ALJ built a logical bridge between such evidence and her determination when she explained that the medical records did indicate Plaintiff suffered from pain from his musculoskeletal

impairments but that the evidence did reflect an inability to perform a range of sedentary work. (Tr. 88). The ALJ was not required to entirely accept Plaintiff's statements about his disability when such statements were not supported by objective medical evidence as such a lack of objective evidence may indicate symptom exaggeration. *See Getch v. Astrue,* 539 F.3d 473, 483 (7th Cir. 2008). Therefore, by assessing the medical records and utilizing professional opinions to make her determination the ALJ properly supported her findings with substantial evidence.

For the reasons set forth herein, the ALJ's findings were sufficiently supported given this Court's deferential standard of review and he did not err in a manner warranting reversal of the final agency decision.

## Conclusion

After careful review of the record, the Court finds that the ALJ committed no reversible errors of law, and that her findings are supported by substantial evidence. Accordingly, the final decision of the Commissioner of Social Security denying Plaintiff's applications for DIB and SSI is **AFFIRMED**. The Clerk of Court is **DIRECTED** to close this case and enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

**DATED: September 27, 2023**

s/ *Stephen P. McGlynn*
STEPHEN P. McGLYNN
U.S. District Judge
